FILED
Jan 19, 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# SEALED

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF A POLE CAMERA NEEDED FOR A CRIMINAL INVESTIGATION | CASE NO. 1:22-SW-00023-SAB<br><br>[PROPOSED] ORDER<br><br>**UNDER SEAL** |

## ORDER

This matter comes before the Court pursuant to the application of the United States, under the All Writs Act, Title 28, United States Code, Section 1651(a), requesting an Order be issued:

1. Authorizing the continued installation, maintenance and use of video equipment on two separate utility poles. The utility pole for **Location #1** is located on the corner of the alley way near 301 Orange Street, Arvin, California 93203, in Arvin, California. The utility pole has no visible pole number displayed. The pole has a view of the intersection of Stockton Avenue and Orange Avenue, a view of Stockton Avenue north of Orange Avenue, a view of the southeast corner of **Location #1**, and the area directly below and in front of the pole. The utility pole is owned by PG&E and is located on the property owned by the city of Arvin. The pole camera shall be used to conduct and record visual surveillance of activities along the public thoroughfare and the exterior (the latter meaning areas that can be observed by normal surveillance from a public vantage point) of the surrounding area for a period of 90 days.

2. The utility pole for **Location #2** is located on the northwest corner of 6901 Di Giorgio

Road, in the city of Lamont, California. The utility pole has a view of Di Giorgio Road east and west from Pierce Drive, a view directly north of Di Giorgio Road, and the west fence line/entry gate of **Location #2**. The utility pole is owned by PG&E and is located on the property owned by the city of Lamont. The pole camera shall be used to conduct and record visual surveillance of activities along the public thoroughfare and the exterior (the latter meaning areas that can be observed by normal surveillance from a public vantage point) of the surrounding area for a period of 90 days.

3. Directing PG&E and the cities of Arvin and Lamont to furnish agents of Homeland Security Investigations (HSI) forth with all of the information, facilities and technical assistance necessary to accomplish the installation, maintenance and use of the video equipment. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the information likely to be obtained by the installation and use of the requested video equipment relevant and material to an ongoing criminal investigation by Homeland Security Investigations (HSI), in conjunction with the Drug Enforcement Administration (DEA) and the Kern County Sherriff's Office (KCSO) (collectively, the "Investigating Agencies"), and others in connection with various offenses in violation of Title 21, United States Code, Sections 841 and 846. Accordingly:

IT IS HEREBY ORDERED, pursuant to 28 United States Code, Section 1651(a), that the Investigating Agencies are authorized to install, maintain, and use the requested video equipment on the aforementioned utility poles to conduct surveillance of the public thoroughfare and the exterior of the surrounding areas of **Location #1** and **Location #2**, for a period of 90 days;

IT IS FURTHER ORDERED, that PG&E and the cities of Arvin and Lamont shall provide the Investigating Agencies forthwith with all of the information, facilities and technical assistance necessary to accomplish the installation, maintenance, and use of the video equipment with a minimum of interference with services presently provided by means of the utility poles; and

IT IS FURTHER ORDERED, that PG&E and the cities of Arvin and Lamont shall be compensated by Homeland Security Investigations (HSI) for reasonable expenses incurred in providing technical assistance; and

IT IS FURTHER ORDERED that in the event that the cities of Arvin and Lamont and/or PG&E

objects to this Order, it shall have the right to apply forthwith to the Court ex parte for whatever relief or modification it deems essential under the Order and its obligation to comply with this Order shall be stayed until the Court rules on any such objection; and

    IT IS FURTHER ORDERED that this Order and the Application be filed and maintained UNDER SEAL until further order of the Court, and that PG&E, the cities of Arvin and Lamont, and their agents and employees, shall not disclose to any other person the existence of this Order, the Application, the camera or this investigation, unless and until otherwise ordered by the Court.

Dated:    **Jan 18, 2022**

*[Signature]*
The Honorable Stanley A. Boone
United States Magistrate Judge